UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                             **MEMORANDUM OPINION**
                                              **AND ORDER**
                                              Criminal No. 03-315(1) ADM/AJB

Kenneth George Kraft,

      Defendant.

___

William H. Koch, Esq., Assistant United States Attorney, Minneapolis, MN, and Catherine Pisaturo, United States Department of Justice, Washington, D.C., on behalf of Plaintiff.

Katherine M. Menendez, Esq., Assistant Federal Public Defender, Minneapolis, MN, on behalf of Defendant Kenneth George Kraft.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant Kenneth George Kraft's ("Defendant") Motion for Judgment of Acquittal and Motion for New Trial [Docket No. 488]. On March 10, 2005, following a jury trial, Defendant was found guilty of two counts of witness tampering. For the foregoing reasons, Defendant's Motion is granted in part and denied in part.

## II. DISCUSSION

Rule 33 of the Federal Rules of Criminal Procedure states that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Here, Defendant argues he is entitled to a new trial due to improper conduct by the prosecutor at his trial. While the evidence does not support a finding of prosecutorial misconduct, sufficient errors occurred at trial to warrant a grant of a new trial for Defendant.

The main error justifying a new trial involves the presentation of an inaccurate jury instruction during the prosecution's closing argument. 18 U.S.C. § 1512(c)(2), the statute under which Defendant was charged, states: "Whoever corruptly obstructs, influences or impedes any official proceeding, or attempts to do so, shall be guilty of a crime against the United States." During trial, the parties argued as to the proper definition of "corruptly." Ultimately, the Court held that the proper definition of "corruptly" is "improper motive," as opposed to "misleading conduct." It was also held that because Defendant was not charged with "misleading conduct," it would be improper to raise the issue before the jury. Trial Transcript II at 3-16. This holding was based on the language of the Superseding Indictment and United States v. Frank, 354 F.3d 910 (8th Cir. 2004).

During closing argument, however, the prosecution displayed on the screens before the jury an incorrect jury instruction indicating that "misleading conduct" was sufficient to convict the Defendant. Additionally, the prosecution stated during closing argument that the Defendant was "sitting there trying to mislead things and put things into a context other than what it was with [Robert] Sawmiller." Trial Transcript II at 29-31. These two errors may have prejudiced Defendant, as the jury may have incorrectly assumed the definition of acting "corruptly" as engaging in "misleading conduct." This standard, much lower than the correct standard of "improper motive," may have factored into the jury's decision, thus prejudicing the Defendant.

The prejudice potentially incurred by Defendant is heightened by the weakness of the government's case against Defendant. The heart of the government's case against Defendant consisted of the testimony of Robert Sawmiller. In a transaction handled by Nancy Kraft, Defendant's wife and co-defendant, Sawmiller purchased two bears in 2000. The APHIS 7020

form recording the transaction listed the transaction as a "donation." Sawmiller testified to a number of phone conversations he held with Defendant in January 2004, in which Defendant stated that the transaction was a donation. Trial Transcript I at 187, 208. Defendant's information, however, may have derived from a copy of the APHIS 7020 form faxed to him from Sawmiller. Id. at 186. At no point in any of the recorded conversations did the two men discuss whether Sawmiller had paid for the bears. Additionally, Sawmiller testified at trial that Defendant never asked him to lie, falsify documents, dispose of the animals in question, or refuse to meet with federal agents. Id. at 210.

Federal Rule of Criminal Procedure 29 mandates that a trial judge "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction" following the close of evidence. A Rule 29 motion may be ruled upon following a jury verdict. Fed. R. Crim. P. 29(c). If the Court determines that a "reasonable minded jury" must maintain "reasonable doubt as to the existence of any of the essential elements of the crime charged," the Court must grant the motion for judgment of acquittal. United States v. Baker, 367 F.3d 790, 797 (8th Cir. 2004). Although, as previously discussed, the government's evidence in this case is not overwhelming, it is sufficient to survive Defendant's Rule 29 Motion.

Given the inadvertent display of an inapplicable jury instruction and the minimally sufficient evidence to survive a Rule 29(a) motion, the interests of justice are best served by a retrial of the two counts of witness tampering. The prejudice in retrying the case is not significant as the original trial lasted only two days and involved the testimony of three witnesses. Whether the government chooses to use its resources to retry these counts given the Defendant's sentence of 18 months on the substantive counts of the case, is a matter of

prosecutorial discretion which the Court anticipates will be wisely exercised.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Motion for Judgment of Acquittal [Docket No. 488] is **DENIED**; and

2. The Motion for New Trial [Docket No. 488] is **GRANTED**.

BY THE COURT:

     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 26, 2005.